GUSTAVE L. JODOIN *vs.* VIRGINIE ARCHAMBAULT.

MAY 22, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Exceptions.*

Where it appeared from the jacket of a case that just before the case was placed on trial, a motion to strike out a plea was heard and granted, and from the transcript that the exception to this action was *noted* on the following day, while the case was on trial, it does not appear that the exception was not in fact taken immediately as provided by Gen. Laws, cap. 298, § 10, and as no objection was made at the time to its being noted, and as the truth of the exceptions was afterwards established by consent, this exception being stated in the bill, it is to be presumed that it was taken immediately and was so understood by the parties and the court.

*(2) Pleading. Filing Addition Pleas. Set-off.*

Where a defendant is granted leave to file further pleas he is under such order entitled to file a plea in set-off provided a statement of demands accompanied the plea.

*(3) Work and Labor. Evidence.*

Upon the issue whether the work was done as day work or under an oral contract for a specific sum, defendant was entitled to inquire in cross ex-

amination as a foundation for his own testimony, whether plaintiff took away material which would have belonged to defendant if plaintiff had been working by the day, and its exclusion, was error.

(4)  *Work and Labor.  Evidence.*

In an action by a contractor for work and labor "Q. In your business as a contracting plumber and steam fitter is it customary to enter into contracts by accepting bids?" was properly excluded as immaterial.

ASSUMPSIT. Heard on exceptions of defendant and sustained.

PARKHURST, J. This is an action of assumpsit upon book account and common counts for work and labor performed and materials furnished by the plaintiff, doing business as the Arctic Center Heating & Plumbing Company, for the plumbing and heating plant in the "Majestic Building," in Arctic Center, and in other places, for the defendant.

The plaintiff claimed that the work was done as day work. The defendant claimed that it was done under an oral contract for a specific sum for the plumbing job and another specific sum for the heating job. The defendant filed a plea of the general issue with notice of intention to file other pleas, and, later, moved for leave to file further pleas, which was granted. Pursuant to leave so granted, a formal plea in set-off was filed, together with a statement of her demands; and defendant also filed another plea setting up the defendant's claim that the work was agreed to be done under specific and express contracts for certain agreed sums; that the plaintiff subsequently abandoned the work under the contracts before completion, and that the defendant was obliged to have the work completed by others at great expense over and above the contract price and claiming against the plaintiff the excess of cost so paid. The pleas were filed, April 2, 1912, as permitted by the order of court upon motion duly made therefor.

On April 3, 1912, the plaintiff filed a motion to strike out the plea in set-off. This motion was heard by the trial judge on April 10, 1912, just before the case was placed on trial before the jury, and was granted.

The case was tried April 10th, 11th and 12th, 1912, in East Greenwich, before Mr. Justice Lee and a jury, resulting in a verdict for the plaintiff for $3,484.28, with special findings that the plaintiff did not agree to do the plumbing and heating jobs for specific sums. The defendant filed a motion for a new trial, which was assigned to Mr. Justice Rathbun by the Presiding Justice of the Superior Court, Mr. Justice Lee having died after the motion was filed, and before it could be heard. The motion was denied *pro forma*, as appears in the rescript of Mr. Justice Rathbun. The defendant's petition to establish the truth of her exceptions, and the correctness of the transcript was duly filed in this court, and upon hearing thereof no objection was made thereto by the plaintiff's counsel and the truth of the exceptions and the correctness of the transcript was by consent of parties established by this court.

The exceptions relied upon by the defendant are the following:

1. To the ruling of said justice striking out the defendant's plea in set-off, as shown on page 102 of the transcript of testimony filed herewith:

4. To the ruling of said justice excluding cross-question 537, page 132 of transcript:

9. To the ruling of said court excluding certain testimony offered by the defendant as shown on page 235 of the transcript.

11. To the ruling of said court excluding certain testimony offered by the defendant as shown on page 260 of the transcript:

15. To the ruling of Mr. Justice Rathbun denying the defendant's motion for a new trial which was based upon the usual grounds that the verdict was against the law and against the evidence and the weight thereof and that the damages were excessive.

As a preliminary point, the plaintiff contends that the (1) exception to the order of the trial judge striking out the plea in set-off is not properly before this court because it

appears that the exception was not taken immediately, in accordance with Sec. 10 of Chap. 298 of the Gen. Laws (1909), which reads as follows: "Exceptions to rulings, directions, and decisions made during a hearing in a cause heard by the court without a jury or during a trial by a jury shall be taken immediately. Exceptions to a decision upon a motion for a new trial or to the final decision in a cause heard by the court without a jury may be taken by filing the same in the office of the clerk within seven days after notice of the decision."

We cannot agree with this contention. Upon the jacket of the case it appears that on April 10, 1912, just before the case was placed on trial before the jury, the motion to strike out the plea in set-off was heard and granted; that the exception to this action of the court was *noted* on the transcript on the following day while the case was on trial: (see p. 102 of transcript); it does not appear that the exception was not in fact taken immediately as required by the above quoted statute and as no objection was made either by the court or by counsel to its being *noted* as above, and as the truth of the exceptions was afterwards established by consent in this court, this exception being then stated upon the bill, it is to be presumed that the exception was taken immediately in accordance with law and that it was so understood by the parties and by the trial judge.

(2) The first exception must be sustained. In accordance with the well established practice of our courts (see Gen. Laws, R. I. 1909, Chap. 287, § 2), the defendant, having given notice of intention to file further pleas, at the time of filing her plea of the general issue, was, upon motion duly made, granted leave to file further pleas on or before April 2, 1912; the declaration as filed was not complete, as no bill of particulars was filed with it; the court ordered a bill of particulars upon motion, and in the exercise of its discretion allowed the defendant to file further pleas in a given time, and they were so filed as above set forth. The defendant filed a plea in set-off with a statement of her

demands in set-off strictly in accordance with the statute, Chap. 288, Sec. 12, Gen. Laws of R. I.; she was as much entitled to file a plea in set-off as any other plea so long as she filed with the plea a statement of her demands; and there was no reason why such plea should have been stricken out. The case of *Battey* v. *Warner*, 28 R. I. 312, is not in point. There was in that case no question of a plea filed out of time by permission of the court; in that case in effect there was no plea in set-off, because only the formal parts of the plea were filed, but no statement of defendants' demands in set-off was filed with the plea. Exception 1 is sustained.

(3) Exception 4 (transcript p. 132), is to a ruling excluding a certain question asked by defendant's counsel in cross-examination of the plaintiff, asking "537 Q. What did you carry away?" It is not clear from the context just what the bearing of this question was, although the defendant's counsel claimed that he was endeavoring to show that the plaintiff took away valuable material which would belong to the defendant if the plaintiff was doing work by the day; and that if the plaintiff took any such material as his own, it tended to show that he claimed that the material was his and that he was working under an express contract. We think the defendant was entitled to go into this line of cross-examination as a foundation for testimony in defence and that the question was proper. This exception is sustained.

(4) Exception 9 is to a ruling excluding question 20 on p. 235 of the transcript, asked of the witness Potter, an architect, who had charge of the plans and specifications of the work which the plaintiff was doing on the Majestic building, for which this suit is brought: "20 Q. Did he" (Jodoin) "ever receive the plans and specifications from you in the office to work upon? The Court: He said he went up to look at them and made his estimate from them." It appears from this statement of the court that the plaintiff had already admitted what the question related to, and

that the question was immaterial and was properly excluded. This exception is overruled.

Exception 11 is to the exclusion of question 122 on p. 260 of the transcript: "122 Q. And in your business as a contracting plumber and steam fitter, is it customary to enter into contracts by accepting bids?" The question was immaterial and was properly excluded and the exception is overruled.

Exception 15 is to the ruling of the justice who denied the motion for new trial, *pro forma* as above stated after the death of the trial judge. We think that the plaintiff failed to sustain the burden of proof in support of his contention that he was doing the work by the day, and not by contract. It seems to us that the evidence for the defendant to the effect that the plaintiff's work was done under contract preponderates, and that the verdict of the jury was against the weight of the evidence. Exception 15 is, therefore, sustained.

The case is remitted to the Superior Court for the county of Kent for a new trial; and as the plea of set-off was properly filed, the new trial must be upon the issues tendered by that plea, as well as upon the other issues made by the pleadings.

*Felix Hebert, Boss & Barnefield,* for plaintiff.

*Quinn & Kernan, Alberic A. Archambault,* for defendant.